FINO RT HTEH EU NMIITDEDDL SET DAITSETSR IDCITS TORFI CATL ACBOAUMRTA 
 NORTHERN DIVISION 

CLEVELAND L. TURNER ) 
# 223563, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:19-CV-587-WKW 
 ) [WO] 
CHERYL PRICE and CHARLES ) 
DANIELS,1 ) 
 ) 
 Defendants. ) 

 ORDER 

Before the court is Plaintiff Cleveland L. Turner’s pro se Complaint, which is 
construed as containing motions for a temporary restraining order (“TRO”) and a 
preliminary injunction. (Doc. # 1.) The motions are due to be denied. 
In his complaint, which he submitted under penalty of perjury, Plaintiff 
alleges that Defendants, officials with the Alabama Department of Corrections 
(“ADOC”), violated their standard operational procedures in January 2019 by failing 
to transfer him from Staton Correctional Center within sixty days of “being approved 
level-2 custody.” (Doc. # 1, at 2.) He complains that his transfer to Kilby 
Correctional Facility took around four months. Plaintiff alleges that Defendants 
violated the “Constitutional Provisions Doctrine,” acted with deliberate indifference 

1 Plaintiff misspelled Charles Daniels’s last name as “Daniles.” The Clerk of the Court is 
DIRECTED to amend the docket to reflect the correct spelling of this Defendant’s last name and 
to change the caption accordingly. 
to his “basic human needs,” violated their oath of office, and denied him due process. 
(Doc. # 1, at 1–2.) He requests punitive damages, a preliminary injunction, and a 
temporary restraining order. (Doc. # 1, at 3.) 
Federal Rule of Civil Procedure 65(b) governs requests for temporary 

restraining orders. A temporary restraining order may be issued without notice only 
if “specific facts in an affidavit or a verified complaint clearly show that immediate 
and irreparable injury, loss, or damage will result to the movant before the adverse 

party can be heard in opposition” and the movant “certifies in writing any efforts 
made to give notice and the reasons why it should not be required.” Fed. R. Civ. P. 
65(b)(1)(A)–(B). Additionally, the movant must demonstrate irreparable injury to 
obtain a preliminary injunction. See Parker v. State Bd. of Pardons & Paroles, 275 

F.3d 1032, 1035 (11th Cir. 2001). 
To the extent that Plaintiff seeks an ex parte TRO, he fails to satisfy the 
requirements of Rule 65(b). Plaintiff is complaining about the alleged excessive 

amount of time that it took Defendants to transfer him from one ADOC facility to 
another. Plaintiff has not demonstrated how his delayed transfer presently is causing 
him either immediate injury or irreparable injury. There also is no written 
certification of Plaintiff’s efforts to provide notice to Defendants. Fed. R. Civ. P. 

65(b)(1)(B). Plaintiff’s failure to show a threat of irreparable injury also is fatal to 
his motion for a preliminary injunction. See Parker, 275 F.3d at 1035. 
Based on the foregoing, it is ORDERED that Plaintiff’s pro se motions for a 
temporary restraining order and preliminary injunction (Doc. # 1) are DENIED. 
DONE this 15th day of August, 2019. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE